UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| MARK LEE MILLER,<br><br>Plaintiff,<br><br>vs.<br><br>CITY OF GOLDENDALE, et al.,,<br><br>Defendants. | No. 13-CV-00149-JTR<br><br>ORDER ADOPTING REPORT AND RECOMMENDATION IN PART, DISMISSING FIRST AMENDED COMPLAINT WITH PREJUDICE AND DENYING PENDING MOTIONS AS MOOT<br><br>**1915(g)** |

BEFORE THE COURT is Plaintiff's Objection, ECF No. 23, to the Report and Recommendation to dismiss his First Amended Complaint, ECF No. 22. Because Mr. Miller also labeled the caption with various motions, this 48 page document has been filed as a Motion for Leave to Amend Complaint, ECF No. 24, a Motion for Appointment of Counsel to Assist Plaintiff in the Amendment of Complaint, ECF No. 25, and a Motion to Serve the Complaint as Written, ECF No. 26. Plaintiff, a prisoner at the Monroe Correctional Complex - Twin Rivers Unit, is proceeding *pro se* and *in forma pauperis;* Defendants have not been served.

ORDER ADOPTING REPORT AND RECOMMENDATION IN PART - - 1

In his Objections, Plaintiff clarifies that the decision to revoke his Conditional Discharge from Supervision Certificate ("CDFS"), was not a decision to revoke parole, probation or supervised release.  Rather, Plaintiff states that the revocation of this Certificate merely imposed *formal* supervised release.  With this clarification, the preclusive effect of *Heck v. Humphrey* would not apply. *Spencer v. Kemna*, 523 U.S. 1, 17 (1998) (application of *Heck* to parole revocation hearing).

However, the mere imposition of active parole does not implicate due process concerns as it does not immediately affect one's release status. *See e.g. Sandin v. Conner*, 515 U.S. 472, 483-87 (1995) (prisoner has no federal or state protected liberty interest in due process when the sanction imposed neither extends the length of his sentence nor is "atypical and significant" in relation to the ordinary incidents of prison life).  As presented, Plaintiff's contentions that Defendants Nielsen, Duggan, LeCompte, Gobel, LaRosa, DeLano and Sahlberg revoked his CDFS without due process fail to state a claim upon which relief may be granted.

In the absence of a due process violation regarding the revocation of the CDFS, Plaintiff's assertions of municipal liability against the City of Goldendale and the Goldendale Police Department based on the alleged "policy" of referring Plaintiff to the ISRB for revocation of the CDFS must also fail.

*Objections:*

I.   Plaintiff's first objection appears to be in regard to § 1981.  He cites to *Jett v. Dallas Independent School District,* 491 U.S. 701 (1989).  In *Jett*, the U.S. Supreme Court concluded that "the express cause of action for damages created by § 1983 constitutes the exclusive federal remedy for violation of the rights guaranteed in § 1981 by state governmental units." *Id.* at 733.  Therefore, § 1981 did not provide a separate cause of action against local government entities and § 1981 plaintiffs must assert claims against state actors under § 1983. *Id.* at 735.

ORDER ADOPTING REPORT AND RECOMMENDATION IN PART - - 2

Because Plaintiff is bringing this action against individuals who were acting under color of state law, he must do so under section 1983. Under 42 U.S.C. § 1983, Plaintiff's conclusory assertions that he was discriminated against while being arrested, and when he was referred to the ISRB for the purpose of imposing more formal supervision, fail to state plausible claims upon which relief may be granted.

Mere legal conclusions "are not entitled to the assumption of truth." *Ashcroft v. Iqbal*, 556 U.S. 662, 680 (2009). A complaint must contain more than "a formulaic recitation of the elements of a cause of action." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). It must plead "enough facts to state a claim to relief that is plausible on its face." *Id.* at 570. Although granted the opportunity to do so, Plaintiff's First Amended Complaint failed to state a plausible claim for relief.

Plaintiff argues that Goldendale Police Department Officer Hunziker arrested him on a charge (i.e., "disorderly conduct")[1] which Defendant Hunziker knew lacked a legal or factual basis. Although Plaintiff asserts there was no probable cause to arrest him, it appears this charge was eventually dismissed *without* prejudice in October 2011, despite Plaintiff's arguments that it should be dismissed with prejudice. Therefore, Plaintiff's assertion regarding the lack of probable cause to arrest him for disorderly conduct must fail.

Plaintiff claims this arrest was done with the intent to harass, vex and annoy him. Again, to state an Equal Protection claim, a plaintiff must allege that he was treated differently from other similarly situated persons. *City of Cleburne v. Cleburne Living Center*, 473 U.S. 432, 439 (1985); *Fraley v. United States Bureau of Prisons*, 1 F.3d 924, 926 (9th Cir. 1993) (*per curiam*). Plaintiff's contentions that various Defendants "willfully and wantonly discriminat[ed] against [Plaintiff] based upon his being a Native

---

[1] Although Plaintiff had asserted in his First Amended Complaint that this arrest occurred on March 24, 2011, it appears from the documents attached to his Objection that the actual arrest on this charge occurred on May 24, 2011. ECF No. 23, page 46.

ORDER ADOPTING REPORT AND RECOMMENDATION IN PART - - 3

American transgender person," without any supporting factual allegations, have failed to state a plausible equal protection claim. Plaintiff presented no facts, other than his conclusory allegations, from which the Court could infer Defendant Hunziker was motivated by Plaintiff's race and sexual orientation when arresting him for disorderly conduct in 2011.

II.    Plaintiff raises objections regarding 42 U.S.C. § 1985.  He asserts that not all conspiracies under section 1985 must be motivated by class-based animus, and that his complaint sufficiently alleged facts to establish a conspiracy and conspirators.

Plaintiff contends that Defendants Wyzkowski and Nielsen "engaged in a class-based conspiracy" to deny Plaintiff legal rights and to penalize him for his "lawful exercise of legal rights because [he is] a Native American Transgender person."  Plaintiff contends that Defendant Neilsen conspired with others on December 9, 2011, to "organize a malicious prosecution" before the ISRB to have Plaintiff's CDFS revoked without due process.  Once again, because one's placement on active parole does not, in and of itself, lengthen the period of supervised release, Plaintiff claims do not implicate due process concerns.

Plaintiff was charged with the Unlawful Harboring of a Minor under RCW 13.32A.080, in December 2011.  Plaintiff's reliance on RCW 13.32A.084 for the proposition that he was immune from "any cause of action," including the revocation of the CDFS, appears misplaced.  Although Plaintiff asserts that he was the biological father of the minor he was sheltering in December 2011, Plaintiff does not allege that he had the legal right to custody of that child.  *See* RCW 13.32A.030 (14)(defining "Parent").  Plaintiff also failed to allege that he provided the required notice under RCW 13.32A.082 which would qualify him for the asserted "immunity" under RCW 13.32A.084. Plaintiff's conclusion that Defendant Wyzkowski lacked probable cause to arrest him for interference with the efforts of law enforcement officers to take a runaway minor into custody is unsupported by any factual allegations.

ORDER ADOPTING REPORT AND RECOMMENDATION IN PART - - 4

Plaintiff has made only conclusory assertions that his arrest and recommendations to the Indeterminate Sentencing Review Board to revoke Conditional Discharge from Supervision Certificate were improperly motivated. It is certainly plausible these actions were motivated by legitimate law enforcement concerns based on Plaintiff's seven arrests within a 22 month time-frame. At the time *formal* parole was imposed, charges stemming from four of those arrests were still pending. Plaintiff's bare allegations of discrimination based on his national heritage and sexuality fail to state a claim upon which relief may be granted.

III.   Plaintiff presents an objection regarding his claim of malicious prosecution under Washington tort law. He asserts that he was arrested under the Goldendale Municipal Code for "disorderly conduct." The Court takes judicial notice of Goldendale Municipal Code, Sections 9.14.010 and 9.14.020. One of the code's definitions of "disorderly persons" is "Any person who, in a manner or under circumstances likely to cause an assault, uses vulgar, profane, or indecent language or gestures." Section 9.14.010(C). Contrary to Plaintiff's assertion , this section has no "public place" requirement.

Plaintiff's bare conclusion that there was no probable cause for Defendant Hunziker to institute the offense is insufficient to state a plausible claim for relief. Again, the charged offense was dismissed in October 2011, *without* prejudice to the prosecutor re-instituting the charge. Plaintiff's assertions do not demonstrate a lack of probable cause to arrest.

IV.   Plaintiff also appears to object to the Magistrate Judge's finding that consent to a search waives the warrant requirement under the Fourth Amendment. *Illinois v. Rodriguez*, 497 U.S. 177 (1990).  He argues that the officer's conduct in dealing with Plaintiff prior to Plaintiff's sister granting the officer permission to search her home for a minor was "unreasonable." Regardless, any legal arguments Plaintiff may have had regarding a warrant requirement were mooted by his sister's consent.

ORDER ADOPTING REPORT AND RECOMMENDATION IN PART - - 5

The Court cannot infer an unlawful search or the excessive use of force from Plaintiff's allegations. Plaintiff has alleged no injury. His reference to *Wilkins v. Gaddy*, 559 U.S. 34 (2010) is unavailing.  In that decision, a state prisoner's allegations that corrections officer punched, kicked, kneed, choked, and body slammed him maliciously and sadistically and without any provocation, leaving him with a bruised heel, back pain, and other injuries requiring medical treatment, stated a claim under § 1983 for use of excessive force, in violation of Eighth Amendment prohibition of cruel and unusual punishment. *Id.,* at 38.  Plaintiff's allegations of threats and intimidation do not rise to the level of a constitutional violation.

For the reasons set forth above, in the Orders and in the Report and Recommendation by the Magistrate Judge, the Court finds that Mr. Miller has failed to state a plausible claim for relief. Therefore, **IT IS ORDERED** the Report and Recommendation is **ADOPTED** with the exception of the preclusive effect of *Heck v. Humphrey* to Plaintiff's claims.

Therefore, **IT IS ORDERED** this action is **DISMISSED with prejudice** for failure to state a claim upon which relief may be granted. 28 U.S.C. §§ 1915A(b)(1) and 1915(e)(2)**.** The Court declines to exercise supplemental jurisdiction over Plaintiff's state law claims under 28 U.S.C. § 1367.  **IT IS FURTHER ORDERED** that all pending Motions are **DENIED as moot.**

Pursuant to 28 U.S.C. § 1915(g), enacted April 26, 1996, a prisoner who brings three or more civil actions or appeals which are dismissed as frivolous or for failure to state a claim will be precluded from bringing any other civil action or appeal *in forma pauperis* "unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g).  **Plaintiff is advised to read the new statutory provisions under 28 U.S.C. § 1915.  This dismissal of Plaintiff's complaint may count as one of the three dismissals allowed by 28 U.S.C. § 1915(g) and may adversely affect his ability to file future claims.**

ORDER ADOPTING REPORT AND RECOMMENDATION IN PART - - 6

**IT IS SO ORDERED**. The District Court Executive is directed to enter this Order, enter judgment, forward copies to Plaintiff at his last known address, and close the file. The District Court Executive is further directed to forward a copy of this Order to the Office of the Attorney General of Washington, Criminal Justice Division. The Court certifies any appeal of this dismissal would not be taken in good faith.

**DATED** this 26th day of November, 2013.

*s/Lonny R. Suko*

LONNY R. SUKO
UNITED STATES DISTRICT JUDGE

ORDER ADOPTING REPORT AND RECOMMENDATION IN PART - - 7